**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JAQUELYN ANDRADE DE CHAVEZ; RONALD STEVEN ANDRADE CHAVEZ, | No. 22-327 |
| Petitioners, | Agency Nos. A206-888-534 A206-888-535 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted May 10, 2023
Seattle, Washington

Before: HAWKINS, W. FLETCHER, and IKUTA, Circuit Judges.

Jaquelyn Andrade de Chavez ("Petitioner"), a native and citizen of El

Salvador, petitions for review of the decision of the Board of Immigration Appeals

("BIA").[1] On January 4, 2015, she entered the United States without inspection.

She was issued a notice to appear on January 13, 2015, charging her as removable.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[1] Petitioner's application also included her minor child as a derivative, and he is also a petitioner in this case.

The Immigration Judge ("IJ") determined she was removable. Petitioner applied for asylum, withholding of removal, and Convention Against Torture ("CAT") protection.

The IJ found that Petitioner was not credible because her testimony before him differed from her credible fear interview[2] and from her asylum application. The IJ concluded that it was "highly likely that the [Petitioner] introduced new allegations of persecution for the purpose of strengthening her asylum claim." Accordingly, the IJ denied her applications. The BIA, through a Temporary Appellate Immigration Judge, affirmed.

We have jurisdiction under 8 U.S.C. § 1252. When the BIA adopts and affirms the IJ and expresses no disagreement with the IJ, while citing *Matter of Burbano*, 20 I. & N. Dec. 872 (BIA 1994), "we review the IJ's order as if it were the BIA's." *Chuen Piu Kwong v. Holder*, 671 F.3d 872, 876 (9th Cir. 2011). We review questions of law, including whether the BIA acted within its regulatory authority, de novo. *Ridore v. Holder*, 696 F.3d 907, 911 (9th Cir. 2012). Adverse

---

[2] Both the IJ and BIA incorrectly refer to Petitioner's credible fear interview as an asylum interview. A credible fear interview is different from an asylum interview. *Compare* 8 C.F.R. §§ 208.30(d), 208.31(c) (credible fear interview), *with* 8 C.F.R. § 208.9 (asylum interview). Petitioner fails to allege that this was harmful error. For accuracy, this disposition will correctly refer to the interview as a credible fear interview.

credibility findings are reviewed for substantial evidence. *Singh v. Holder*, 638 F.3d 1264, 1268–69 (9th Cir. 2011). We deny the petition.

First, Petitioner contends that the BIA's decision is void because the Temporary Appellate Immigration Judge that issued the BIA's decision had been appointed to two consecutive six-month terms, which Petitioner alleges contravenes agency regulations. Agencies are required to follow their own procedures. *See, e.g.*, *United States ex rel. Accardi v. Shaughnessy*, 347 U.S. 260, 266 (1954). But a party must make a "showing of substantial prejudice" due to the agency's violation of its regulations to obtain relief from its actions. *Am. Farm Lines v. Black Ball Freight Serv.*, 397 U.S. 532, 539 (1970). Andrade de Chavez fails to allege any prejudice from the Temporary Board member appointment procedures. Therefore, she cannot invalidate the BIA's decision on account of any alleged violation of agency operating procedures.

Second, Petitioner contends that the IJ erred in relying on the inconsistencies between her credible fear interview, asylum application, and testimony before the IJ. Under the REAL ID Act, credibility determinations are made by "[c]onsidering the totality of the circumstances, and all relevant factors." 8 U.S.C. § 1158(b)(1)(B)(iii). The totality of the circumstances include "any inaccuracies or falsehoods in [Petitioner's] statements, without regard to whether an inconsistency,

3

inaccuracy, or falsehood goes to the heart of the applicant's claim." *Id.* A petitioner's statement must have "sufficient indicia of reliability" to support an adverse credibility determination. *Singh v. Gonzales*, 403 F.3d 1081, 1089 (9th Cir. 2005).

Here, Andrade de Chavez's credible fear interview contained procedural safeguards to ensure sufficient indica of reliability. The interview was conducted under oath, with an interpreter, and there is a full transcript of the questions and answers. Therefore, the IJ could rely on inconsistencies between Petitioner's credible fear interview and her testimony before the IJ to support an adverse credibility finding. *See Mukulumbutu v. Barr*, 977 F.3d 924, 926 (9th Cir. 2020). Those inconsistencies provide substantial evidence that support an adverse credibility finding. For example, Petitioner did not mention in her credible fear interview that a gang member threatened to cut out her tongue if she did not cease preaching. Andrade de Chavez's testimony before the IJ told a "much different—and more compelling—story of persecution." *See Silva-Pereira v. Lynch*, 827 F.3d 1176, 1185 (9th Cir. 2016). Therefore, substantial evidence supports the IJ's adverse credibility determination.

Absent Andrade de Chavez's credible testimony, she was not entitled to CAT relief on the merits because the BIA's determination that "none of the

4

evidence of record established that she would more likely than not be tortured upon return to El Salvador by or with the acquiescence or consent of a government official," was supported by substantial evidence. *See Singh v. Lynch*, 802 F.3d 972, 977 (9th Cir. 2015) ("[W]hen a petitioner's 'claims under the [CAT] are based on the same statements . . . that the BIA determined to be not credible' in the asylum context, the agency may rely upon the same credibility determination in denying both the asylum and CAT claims." (alteration in original)), *rev'd on other grounds, Alam v. Garland*, 11 F.4th 1133, 1136–37 (9th Cir. 2021) (en banc).

**PETITION DENIED.**